IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL WESLEY, | : | |
| Plaintiff, | : | 1:14-cv-0980 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| SUPT. VINCENT MOONEY, *et al.*, | : | |
| Defendants. | : | |

## **MEMORANDUM**

**February 21, 2017**

Plaintiff Daniel Wesley ("Wesley" or "Plaintiff"), a state inmate who, at all times relevant, was incarcerated at the State Correctional Institution at Coal Township ("SCI-Coal Township"), commenced this action pursuant to 42 U.S.C. § 1983 on May 22, 2014. The matter is proceeding *via* an amended complaint (Doc. 38) against the following employees of the Pennsylvania Department of Corrections ("DOC"):  Mooney, Superintendent; Shaffer, E-Block Unit Manager; Sergeant John Doe; and Corrections Officers Bright and Batiuk.  (Doc. 1).

Presently pending is Defendants' motion (Doc. 39) to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, the motion will be granted.

Sergeant John Doe has never been properly identified and, consequently, never served.  The complaint against him will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

## I.   STANDARD OF REVIEW

### A.   Federal Rule of Civil Procedure 12(b)(6)

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.  *Innis v. Wilson*, 334 F. App'x , 454, 456 (3d Cir. 2009) (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  A district court ruling on a motion to dismiss generally "relies on the complaint, attached exhibits, and matters of public record." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  "First, the

factual and legal elements of a claim should be separated." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  Second, the court must then determine whether the complaint states a plausible claim for relief, which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 211 (citing *Iqbal*, 556 U.S. at 679); *see also* 28 U.S.C. § 1915A(b) (directing the court to identify cognizable claims and to dismiss any portion of the complaint that fails to state a claim).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679; FED. R. CIV. P. 8(a)(2).

### B.     28 U.S.C. §1915(e)(2)(B)(ii)

Section 1915(e)(2)(B) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that the action "(I) is frivolous or malicious;  (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit." 28 U.S.C. §1915(e)(2)(B)(i) - (iii).  The applicable standard of review for the failure to state a claim provision is the same as the standard for a motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.

## II.   <u>ALLEGATIONS OF THE AMENDED COMPLAINT</u>

Wesley alleges that subsequent to his transfer from housing unit cell E-2-Cell-11 to a Psychiatric Observation Cell ("POC"), Defendants improperly removed his personal property from his housing unit cell in the presence of other inmates, failed to inventory his property, and allowed inmates to remove his property.  (Doc. 38, p. 3).  He claims Defendants violated his Fourteenth Amendment due process rights, violated "Department Code of Ethics Section (B)(7)," and failed to supervise and properly train "their agents, officers and employees."  (*Id.* at 2, 3).

He alleges that Defendant Mooney "is Superintendent and responsible for the operations and conditions and welfare of prisoners."  (*Id.* at 1).  Shafer "is a Unit Manager and in charge of E-2 Block."  (*Id.* at 2).  John Doe is a sergeant "stationed at SCI-Coal Township."  (*Id.*)  Batiuk and Bright are correctional officers "stationed at SCI-Coal Township."  (*Id.*)

He seeks the return of his personal property and monetary damages.  (*Id.* at 4).

## III.   DISCUSSION

### A.   Constitutional Claims

Section 1983 of Title 42 of the United States Code offers private citizens a

cause of action for violations of federal law by state officials.  *See* 42 U.S.C. §

1983.  The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of
> Columbia, subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action
> at law, suit in equity, or other proper proceeding for redress. . . .

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v.*

*Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under §1983, a

plaintiff must allege "the violation of a right secured by the Constitution and laws

of the United States, and must show that the alleged deprivation was committed by

a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 1.   Official Capacity

Defendants seek dismissal of the complaint against all Defendants in their

official capacity.  Personal-capacity suits under section 1983 seek to recover

money from a government official, as an individual, for acts performed under color

of state law.  Official-capacity suits, in contrast, generally represent an action

against an entity of which the government official is an agent.  *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978).  When suits are brought against state officials in their official capacities, those lawsuits are treated as suits against the state.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  However, the doctrine of sovereign immunity, established by the Eleventh Amendment, protects states, such as the Commonwealth of Pennsylvania, from suits by citizens.  *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100–01, 117 (1984); *Seminole Tribe v. Florida,* 517 U.S. 44, 54(1996);  *Lavia v. Pennsylvania*, 224 F.3d 190, 195–96 (3d Cir. 2000).  That immunity runs to state officials if they are sued in their official capacity and the state is the real party upon which liability is to be imposed.  *Scheuer v. Rhodes*, 416 U.S. 232, 237–38 (1974).  Congress has not abrogated the immunity regarding Plaintiff's claims; nor has Pennsylvania waived this grant of immunity.  *See* 42 Pa.C.S.A. § 8521(b).  Consequently, any and all counts contained in the complaint seeking money damages against the Defendants in their official capacity are barred by sovereign immunity.  *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010).

2.    <u>Personal Involvement</u>

Individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct.  *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)).  Liability "cannot be predicated solely on the operation of *respondeat superior*."  *Id.*  In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence." *Atkinson v. Taylor*, 316 F.3d 257, 271 (3d Cir. 2003); *Rode*, 845 F.2d at 1207-08. When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his or her rights, individual liability will not follow.  *Atkinson*, 316 F.3d at 271; *Rode*, 845 F.2d at 1207-08.

Defendants seek to dismiss the amended complaint against Mooney and Shaffer based on lack of personal involvement.  (Doc. 40, p. 7).  Mooney is named in his capacity as "Superintendent and is responsible for the operations and conditions and welfare of prisoners."  (Doc. 1, p. 1).  Shaffer is named based on her position as the E-2 Block Unit Manager.  (*Id.* at 2).  This is the sum total of the allegations against these Defendants, which they contend is insufficient to establish

the requisite personal involvement.  (Doc. 40, p. 7).  Wesley argues that

Defendants' "actual knowledge that the Plaintiff is a Z-Coded inmate with a single

cell since 2005, and know that there is not supposed to be any inmate present

packing any cell's [sic] unless the inmate has a celly [sic]" is sufficient to

demonstrate personal involvement.  (Doc. 41, p. 2).  However, knowledge of

Wesley's Z-Code status is insufficient to establish personal involvement as it does

not demonstrate that Defendants were involved in the decision to move the

property or the procedures employed during the actual movement of the property.

   To the extent Wesley attempts to impose liability based on Defendants'

failure to train and supervise employees, the allegations fall far short.  A plaintiff

must (1) identify with particularity what the supervisory officials failed to do that

demonstrates deliberate indifference and (2) demonstrate a close causal link

between the alleged failure and the alleged injury.  *Sample v. Diecks*, 885 F.2d

1099, 1118 (3d Cir.1989).  As the Supreme Court has stated, the "inadequacy of . .

. training may serve as the basis for Section 1983 liability only where the failure to

train amounts to deliberate indifference to the rights of the persons with whom the

[official] ... come[s] into contact."  *City of Canton v. Harris*, 489 U.S. 378, 388,

109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).  Deliberate indifference may be

established where the need for more or different training is obvious, such as where

the failure to train has caused a pattern of violations.  *See e.g. Berg v. County of Allegheny*, 219 F.3d 261 (3d Cir. 23q2000) (discussing failure to train in the context of municipality liability). Wesley fails to allege and identify with particularity that these supervisory officials were personally involved in any conduct or in a pattern of conduct that would demonstrate deliberate indifference.

The amended complaint is devoid of allegations that Mooney or Shafer were personally involved in constitutional misconduct, or that they knew of, and acquiesced in, or played an affirmative part in, the alleged underlying unconstitutional conduct.  Consequently, the amended complaint against them is subject to dismissal.

### 3. Loss of Property

Wesley alleges that the mishandling and loss of his personal property by Defendants Doe, Bright, and Batiuk subsequent to his transfer from his housing unit cell to a POC, violated his Fourteenth Amendment due process rights.  The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty or property, without due process of law." U.S. Const. amend. XIV, § 1. When bringing a § 1983 suit based on a violation of the Fourteenth Amendment, the plaintiff must identify or allege the deprived protected interest.  *Sample*, 885 F.2d at 1113.  Deprivation of inmate property by prison officials does not give rise

to a cognizable due process claim if the prisoner is afforded an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.").

Through its grievance system, the DOC provides what the Third Circuit has previously determined to be an adequate post-deprivation remedy. *See, e.g., Dockery v. Beard*, 509 F. App'x. 107, 114 (3d Cir. 2013) (non-precedential) (stating "[w]e agree that [Plaintiff] received adequate due process for the deductions . . . taken from his account because he took advantage of an adequate post-deprivation remedy—the grievance process—to challenge these assessments."). In the matter *sub judice*, Wesley took full advantage of the grievance system, albeit without success. (Doc. 1, p. 10). Where property has not been returned to an inmate through the grievance process, as is the case here, the Third Circuit has noted that adequate post-deprivation remedies are available to those inmates through state tort law, such as a conversion action. *Id.* at 113–14 (citing *Daniel v. Williams*, 474 U.S. 327, 328 (1986) (finding that negligent acts of officials causing unintentional losses of property do not implicate due process);

*Hudson*, 468 U.S. at 533 (stating intentional deprivations of property do not violate due process if a meaningful post-deprivation remedy for the loss is available); *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000); *see also* 42 PA. CONS. STAT. ANN. § 8522(a), (b)(3) (waiving sovereign immunity with respect to a common law action for conversion against the Commonwealth). Wesley had adequate post-deprivation remedies.  This claim is therefore subject to dismissal.

Wesley also alleges that Defendants failure to comply with DOC policy DC-815, *Personal Property, State-Issued Items, and Commissary*, Section 1, C, *Handling of Property for Transfers*, and the DOC's Code of Ethics, Section (b)(7), violated his due process rights.  (Doc.38, p. 2).  The simple adoption and application of state law procedures, policies and regulations does not ordain those procedures, policies and regulations with federal constitutional protection.  *See Lee v. Schrader*, No. 2:13-cv-1757, 2014 WL 2112833, at *4 (W.D. Pa. May 20, 2014) citing *United States v. Jiles*, 658 F.2d 194, 200 (3d Cir. 1981).  States may, under certain circumstances, create liberty interests which are protected by the Due Process Clause. Such liberty interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless

imposes atypical and significant hardship on the inmate in relation to the ordinary

incidents of prison life. *Sandin*, 515 U.S. 472, 483–84 (2003).   In this context,

there is no federal constitutional liberty interest in having state officers follow state

law or prison officials follow prison regulations.  *Phillips v. Norris*, 320 F.3d 844,

847 (8th Cir. 2003).  *See also Culbert v. Young*, 834 F.2d 624, 628 (7th Cir.1987)

(finding the adoption of procedural guidelines does not give rise to a liberty

interest; thus, the failure to follow regulations does not, in and of itself, result in a

violation of due process).  And clearly, the failure to follow regulations or

procedures did not impose upon Wesley an atypical and significant hardship in

relation to the ordinary incidents of prison life.  This claim is therefore subject to

dismissal.

> 4.   Leave to Amend

The Court recognizes that the sufficiency of this *pro se* pleading must be

construed liberally in favor of Wesley, even after *Iqbal*.  *See Erickson v. Pardus*,

551 U.S. 89 (2007).  The federal rules allow for liberal amendments in light of the

"principle that the purpose of pleading is to facilitate a proper decision on the

merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal

quotations omitted).  Consequently, a complaint should not be dismissed with

prejudice for failure to state a claim without granting leave to amend, "unless such

an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing

*Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).   A careful review of the

amended complaint dictates that Wesley, even affording him all the liberalities that

accompany his *pro se* status, fails to state any claims under § 1983 for which relief

may be granted. The legal and factual deficiencies in the amended complaint

render the pleading incurable.   Therefore, affording him leave to amend would be

futile.

### B.     State Law Claims

District courts may decline to exercise supplemental jurisdiction where:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over
which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has
original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons
for declining jurisdiction.

28 U.S.C. § 1367(c)(1–4).   Since the claim that forms the basis of this Court's

jurisdiction under 42 U.S.C. § 1983 will be dismissed, the court declines to

exercise supplemental jurisdiction over Wesley's state law negligence claim.

IV. **<u>CONCLUSION</u>**

For the foregoing reasons, Defendants' motion (Doc. 39) to dismiss will be granted.

A separate order will enter.